**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

YASMANI GUETE-HERNANDEZ,

Petitioner,

-vs-

FRED FIGUEROA, Warden of Diamondback Correctional Facility, et al.,

Respondents.

NO. CIV-26-2242-HE

**ORDER**

Petitioner Yasmani Guete-Hernandez, a Cuban citizen proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement. [Doc. #1]. According to his petition, he is detained at Diamondback Correctional Facility in Watonga, Oklahoma.

As ordered, the federal respondents have responded to the petition. [Doc. #8]. While not waiving appellate review or making any concessions, they submit this matter is controlled by the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026), and therefore, petitioner's detention is governed by 8 U.S.C. § 1226(a). They request any order be limited to ordering a bond hearing pursuant to § 1226(a) within seven days.

Petitioner has filed a notice [Doc. #9], informing the court he has never received the response to the petition. He learned of its filing through his sister who looked online through the case-tracking service.

The court notes the response does not contain a certificate of service and there is nothing in the record to indicate the response was mailed to petitioner. The court admonishes counsel for failure to include a certificate of service with the response. However, as respondents submit that Santillan Quiroz controls this matter as asserted by petitioner in the petition, the court sees no reason to delay this matter to await a reply by petitioner to the response. The court will order the court clerk to send, along with a copy of this order, the response filed by respondents so petitioner will have it for his records.

The court agrees that 8 U.S.C. § 1226(a) governs petitioner's detention and the court will order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) calendar days or otherwise release him if no hearing is held within that time. *See* Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), . . . the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Although the court is ordering a bond hearing within seven (7) days or petitioner's release, that period may be extended to the extent a continuance of the bond hearing is requested by petitioner in order to obtain necessary documents or otherwise prepare for the hearing.

In light of the court's ruling, the court need not address petitioner's other claims. *See* Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241 [Doc. #1] is **GRANTED** to the extent petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) calendar days**, unless extended as stated above, or otherwise release petitioner if he has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) calendar days** of the court's order.

The court clerk is **DIRECTED** to send to petitioner, along with a copy of this order, the Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. #8].

**IT IS SO ORDERED**.

Dated this 27th day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE